UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RAY JONES                                                          CIVIL ACTION NO. 15-cv-2679

VERSUS                                                             JUDGE FOOTE

GARY LOFTIN, ET AL                                  MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

This is one of 38 prisoner complaints that invokes the Reprieve Australia "Blackstrikes" report and seeks broad injunctive relief against current jury selection procedures in Caddo Parish, plus production of voluminous documents. The court has ruled in one of the cases that the claims lack merit. For the reasons that follow, it is recommended that this case also be dismissed.

**State Court Conviction**

Ray Jones ("Plaintiff") asserts that he was convicted of a crime in Caddo Parish, but his filings do not specify his crime. It appears that he may be the same Ray Jones who was convicted in State v. Jones, 286 So.2d 1363 (La. 1980). The facts in that case show that the defendant went to a home of a woman who was the mother of the defendant's two and one-half month old child. The defendant told the woman to go to bed, and he would walk the child to sleep. The woman was awakened in the morning by the defendant, who was nude, had shaved off all of his hair, and was calling her Satan. The defendant began choking the

woman until she was unconscious. When she regained consciousness, she could not find her baby. The police were called, and they located the bruised body of the child in the back yard. The defendant gave statements in the presence of a psychiatrist, a hospital security guard, and police officers that admitted his guilt.

The defendant was convicted of first-degree murder and, on recommendation of the jury, sentenced to life imprisonment. The conviction was affirmed on appeal in the cited decision. There are also indications of a number of post-conviction filings by a Ray Jones, with one of the more recent being State ex rel. Ray Jones v. State, 883 So.2d 1034 (La. 2004), which denied a post-conviction application as untimely. The undersigned has not located any indication that Plaintiff ever filed a federal habeas corpus petition, and any attempt to do so now would likely be untimely by several years.

**The Federal Proceedings**

Reprieve Australia, a civil rights organization, released its "Blackstrikes" report in August 2015. It reviewed the use of peremptory challenges in Caddo Parish between 2003 and 2012 and suggested that Caddo Parish prosecutors during that time were more than three times as likely to strike black as non-black prospective jurors.

Plaintiff, joined by 12 other prisoners, filed a "Motion for Preliminary Injunction and Protection Order Over All Records." The motion cites the report and asks for a preliminary injunction that orders the Caddo Parish Clerk of Court and District Attorney to provide all records related to jury selection, orders the defendants to stop purposefully excluding

prospective black jurors on the basis of race, and orders a stop to an alleged racial coding system.

The court found that the several plaintiffs could not properly join in one action, so a separate civil action was opened for each of the prisoner/plaintiffs.  Several other prisoners soon filed virtually identical motions, for a total of 38 such motions under separate case numbers.  All of those cases were assigned to the same judge and magistrate judge for the sake of consistency and efficiency.

**Recommendation**

The undersigned reviewed the claims in detail in a Report and Recommendation in the lead case, Wilbert Robertson v. Loftin, 15-cv-2678.  The Report and Recommendation noted that the movants had disavowed any request for habeas relief, and there was no viable basis for a claim under 42 U.S.C. § 1983.  It explained that there was no actual case or controversy that would allow the prisoners to invoke the jurisdiction of the court to seek injunctive relief.  Finally, it explained why there was no basis to seek a writ of mandamus to state court officials that directs them to provide the prisoners with transcripts of their trial proceedings or other records.

Judge Foote adopted that recommendation and entered a final judgment that denied the request for injunction and dismissed the civil action without prejudice.  Robertson v. Loftin, 2016 WL 3919718 (W. D. La. 2016), recommendation adopted, 2016 WL 3920425

(W.D. La. 2016). A copy of the Report and Recommendation and the Judgment from the Robertson case are attached.

There is no legal distinction between this case and Robertson, so denial of relief is also warranted in this case. There is no legal basis for the sweeping injunctive relief that Plaintiff seeks. This case should be dismissed without prejudice.

The undersigned ordinarily includes a recommendation in a habeas corpus case regarding whether a certificate of appealability ("COA") should issue.[1] The clerk of court initially designated this case a habeas proceeding, but prisoners in several of the identical cases have submitted filings in which they said that was a "clerical error," and the prisoners adamantly disavowed any request for habeas relief. Considering those filings, and that Plaintiff has not squarely requested habeas relief, it appear that this is not a habeas corpus proceeding. Accordingly, no recommendation is required regarding a COA.

Accordingly,

IT IS RECOMMENDED that Plaintiff's **Motion for Preliminary Injunction and Protection Order Over All Records (Doc. 1)** be **denied** and that this action be **dismissed without prejudice**.

---

[1] The COA requirement is set forth in 28 U.S.C. § 2253(c), F.R.A.P. 22(b), and Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of August, 2016.



Mark L. Hornsby
U.S. Magistrate Judge